**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

IN RE:

RACHEL E. MACKINDER-MANOUS                                     CASE NO. 13-21211

DEBTOR

## MEMORANDUM OPINION AND ORDER

This case raises a question that this Court has answered consistently in the negative: whether it may allow a proof of claim filed late by an unscheduled creditor in a chapter 13 case. Over twenty years ago, in *In re Gray*, 174 B.R. 228 (Bankr. E.D. Ky. 1994) (Lee, C.J.), this Court held that such claims were not allowable, a decision which it reaffirmed in *In re Herndon*, 188 B.R. 562 (Bankr. E.D. Ky. 1995), and has since followed without exception. The Ohio Department of Taxation (ODOT), which has filed a late claim in this case, and the Debtor, who wishes to pay that claim through her confirmed plan, argue that the Court should deviate from that precedent. The Chapter 13 Trustee, who has objected to ODOT's claim, argues otherwise. ODOT and the Debtor make a number of thoughtful arguments; however, none of them persuade the Court to deviate from its precedent. The Trustee's objection to ODOT's claim is sustained.

### Facts and Procedural History

The facts of this matter are straightforward and undisputed. The Debtor filed this chapter 13 case on July 8, 2013. Her schedules did not list ODOT as a creditor. The Debtor's plan was confirmed on September 19, 2013 and the bar date for governmental units to file claims was January 4, 2014. Five months after the bar date, on June 16, 2014, the Debtor amended her

schedules to add a debt owed to ODOT for 2008 state income taxes. On July 18, 2014, ODOT filed an unsecured, non-priority claim for $5,591.85 for 2008 taxes plus interest and penalties.

The Chapter 13 Trustee objected to ODOT's claim on the ground that the claim was untimely. ODOT filed a response to the Trustee's objection in which it asserted it had no notice of the Debtor's bankruptcy until the Debtor amended her schedules.

The Trustee argues that the 180-day period in 11 U.S.C. § 502(b)(9) and Federal Rule of Bankruptcy Procedure 3002(c)(1) within which a governmental unit may file a proof of claim is without exception, and bars ODOT's claim. ODOT and the Debtor contest this conclusion with four arguments. First, the Debtor argues that the exception to the § 502(b)(9) bar date for claims "tardily filed as permitted under . . . section 726(a)" applies in chapter 13 cases. Second, ODOT and the Debtor argue that the § 502(b)(9) bar date is subject to equitable tolling, and should be equitably tolled here. Third, both argue that under a theory of "fundamental fairness," ODOT is entitled to the allowance of its claim given its lack of notice. Finally, the Debtor appeals to this Court's authority under 11 U.S.C. § 105.

Oral argument was held on December 9, 2014. The Court has reviewed the record, including the oral argument, and makes the following findings of fact and conclusions of law.

## Analysis

The Court has jurisdiction over this matter under 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

A. The § 726 Argument.

The Debtor argues that 11 U.S.C. § 726(a)(2)(C), which contemplates the allowance (and subordination) of claims in a chapter 7 case, filed late by creditors that lack notice, applies in this chapter 13 case by virtue of § 502(b)(9)'s mere reference to § 726(a). In 1994, § 502(b)(9) was

amended to expressly state that untimely filed claims would be disallowed and clarify that the provisions of § 726(a)(1)-(3) would be exceptions to such disallowance. Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, § 213(a), 108 Stat. 4106, 4125-26 (1994). Section 502(b)(9) now provides, in relevant part, that a claim shall be disallowed if:

> proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide. . . .

11 U.S.C. § 502(b)(9). Section 726(a), titled "Distribution of property of the estate," sets forth a priority distribution scheme for chapter 7 bankruptcies and provides, with respect to tardily filed claims, that:

> (a) . . . property of the estate shall be distributed—
> . . . .
> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
> . . . .
> (C) tardily filed under section 501(a) of this title, if—
> (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
> (ii) proof of such claim is filed in time to permit payment of such claim;
> (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection;

11 U.S.C. § 726(a). The Debtor contends first that § 726(a)(2)(C) contemplates the allowance of late-filed claims if a creditor lacks notice or actual knowledge of the case; second, that § 726(a)(2)(C) applies in chapter 13 cases by virtue of § 502(b)(9)'s reference to it; and thus, ODOT's claim is allowable.

3

The Debtor's argument has been universally rejected by other courts,[1] and for good reason. Section 103 provides that "[s]ubchapters I and II of chapter 7 of [the Bankruptcy Code] *apply only* in a case under such chapter." 11 U.S.C. § 103(b) (emphasis added). Section 726 is located in subchapter II of chapter 7. The Debtor concedes that § 726 only applies of its own force in chapter 7 cases, but contends that § 502 incorporates by reference the § 726 permission of late filing into chapter 13 cases. Specifically, she argues that the § 502 exception for claims "tardily filed as permitted under . . . section 726" should be read to encompass claims of the kinds for which § 726 permits late filing in chapter 7 cases because § 502 applies in chapter 13.

In support, the Debtor claims that § 726(a) does not, strictly speaking, permit the allowance of late-filed claims; rather, by its terms, it only addresses the priority of allowed late-filed claims, assuming such claims exist. Therefore, "tardily filed as permitted under" § 726, she concludes, cannot mean permitted by the statute, but can only mean permitted under the conditions which § 726 describes.

This conclusion does not follow. The fact that § 726 does not explicitly permit the allowance of late-filed claims has never prevented any bankruptcy court from concluding the obvious: that § 726, by addressing the priority of allowed late-filed claims, implicitly sanctions late-filed claims' allowance. Indeed, even before § 502 was amended in 1994 to refer to § 726, courts uniformly concluded that § 726 permitted the allowance of certain late-filed claims. *See, e.g.*, *In re Gray*, 174 B.R. at 230 ("Section 726 . . . permit[s] allowance 'as if timely filed' of tardily filed unsecured claims…"); *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir. 1990) ("Certainly section 726(a)(3) contemplates that some tardily filed claims

---

[1] *See In re Bell*, No. 04-75161, 2008 WL 80728, at *2 (Bankr. C.D. Ill. Jan. 7, 2008); *In re Griggs*, 306 B.R. 660, 663 (Bankr. W.D. Mo. 2004) (Dow, J.); *In re Wright*, 300 B.R. 453, 462-66 (Bankr. N.D. Ill. 2003); *In re Husmann*, 276 B.R. 596, 598 (Bankr. N.D. Ill. 2002); *In re Brogden*, 274 B.R. 287, 290 (Bankr. M.D. Tenn. 2001) (Lundin, J.); *In re Lang*, 196 B.R. 528, 530 (Bankr. D. Ariz. 1996).

4

can and will be allowed."). Section 726 permits the allowance of late-filed claims, in chapter 7 cases, under the circumstances described.

This notwithstanding, the Debtor reads § 502 to import § 726(a)(2)(C) into chapter 13 cases. By the Debtor's logic, however, § 502 must also import § 726(a)(3). Section 502(b)(9) excepts claims tardily filed under § 726(a)(2) *and* § 726(a)(3). Section 726(a)(2)(C) gives second priority to "tardily filed claims" by creditors without notice and § 726(a)(3) gives third priority "to any allowed unsecured claim proof of which is tardily filed … other than a claim of a kind specified in paragraph (2)(C)." Accepting the Debtor's argument means that all tardily filed claims, whether the claimant had notice (as provided in subsection (a) (2)(C)) or not (as provided in subsection (a)(3)), are payable pursuant to § 502(b)(9) in chapter 13 cases (and in chapter 11 and chapter 12 cases). Were the Debtor's position that the § 726 exception applies in chapters 11, 12 and 13 as well as in chapter 7 correct, the § 726 exception would completely swallow § 502(b)(9)'s rule. "[E]xceptions must not be interpreted so broadly as to swallow the rule." *First Nat'l Bank of Durango v. Woods (In re Woods)*, 743 F.3d 689, 699 (10th Cir. 2014) (citing *Cuomo v. Clearing House Ass'n*, *LLC*, 557 U.S. 519, 530 (2009)).

The Court rejects the Debtor's argument under § 726.

B. Equitable Tolling

ODOT and the Debtor further argue that the § 502(b)(9) claims bar date can be equitably tolled in appropriate cases, and this is an appropriate case. Relying on *Young v. United States*, 535 U.S. 43 (2002), which held that the three-year look-back period for certain tax claims in 11 U.S.C. § 507 could be equitably tolled, ODOT and the Debtor argue that equitable tolling is presumptively available. The Trustee concedes that *Young* states that "limitations periods are 'customarily subject to equitable tolling,'" *Young*, 535 U.S. at 49 (quoting *Irwin v. Dep't of*

5

*Veterans Affairs*, 498 U.S. 89, 95 (1990)), but notes that *Young* also provides that a limitations period is exempt from equitable tolling if "tolling would be 'inconsistent with the text of the relevant statute.'" *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 48 (1998)).

The Court finds that equitable tolling in the context of extending a claims bar date for a creditor without notice in chapter 13 is inconsistent with the text of § 502(b)(9) and related provisions of the Code. Since holding in *Irwin* that federal limitations periods are rebuttably presumed to be subject to equitable tolling, the Supreme Court has addressed factors that can rebut the tolling presumption and many of those factors are present here.

1. <u>Express Limited Equitable Tolling Precludes Implied Equitable Tolling</u>. The Supreme Court has held that where a statute expressly provides for limited equitable tolling of one sort, it impliedly bars additional equitable tolling Congress did not expressly provide. *See Beggerly*, 524 U.S. at 48-49 (holding that because the Quiet Title Act "effectively provided for equitable tolling" on one basis, "extension of the statutory period by additional equitable tolling would be unwarranted"); *cf. Young*, 535 U.S. at 53 (holding that where a narrow tolling provision in § 507 provided tolling unavailable under traditional equitable tolling principles, it "supplement[ed]" equitable tolling rather than implying its unavailability).

Here, the Code and Rules contain three limited equitable tolling provisions with respect to the claims bar date. First, as discussed above, § 726(a)(2)(C) explicitly addresses claims filed by creditors who lack notice and permits their allowance in chapter 7 cases, a permission which § 502(b)(9) references. Second, Rule 3002(c)(6), implicitly referenced in § 502(b)(9),[2] creates a narrow exception to the claims bar date for foreign creditors that lack sufficient notice to timely file claims, an exception which Congress mandated in 11 U.S.C. § 1514(d). Third, Rule

---

[2] *See* 11 U.S.C. § 502(b)(9) (barring claims "not timely filed, except to the extent tardily filed as permitted under . . . the Federal Rules of Bankruptcy Procedure.").

6

3002(c)(2), also implicitly referenced in § 502(b)(9), instructs courts to extend the bar date for infants or incompetent persons "[i]n the interest of justice and if it will not unduly delay the administration of the case"–a provision which plainly calls for the sort of balancing inquiry familiar to equitable tolling. FED. R. BANKR. P. 3002(c)(2). These provisions, which "effectively provide[] for equitable tolling," *Beggerly*, 524 U.S. at 48, for infants, incompetents, foreign creditors, and creditors in chapter 7 cases, impliedly preclude equitable tolling for other creditors. This is particularly so of governmental units. Section 502(b)(9) and Rule 3002 both expressly address an extended bar date specific to governmental units which is ninety days longer than the filing period for other creditors. *Compare* 11 U.S.C. § 502(b)(9), FED. R. BANKR. P. 3002(c)(1) (180 days for governmental units), *with* FED. R. BANKR. P. 3002(c) (ninety days for other creditors). Neither provision, however, allows governmental units to file late if they lack notice. Rather, Rule 3002(c)(1) allows a governmental unit to file late only if it moves for an extension of time before the bar date.

  2. <u>Highly Detailed and Technical Limitations Periods Preclude Equitable Tolling</u>. The Supreme Court has held that limitations periods that are "set forth . . . in unusually emphatic form . . . [and] a highly detailed, technical manner" and "reiterate[d] . . . several times in several different ways" will usually preclude equitable tolling. The Court contrasts such detailed limitations periods with ones that "use fairly simple language" and "can be plausibly read as containing an implied 'equitable tolling' exception." *United States v. Brockamp*, 519 U.S. 347, 350-51 (1997). The claims bar date in § 502 and Rule 3002 is set forth in such a manner, and is reiterated several times. Like the limitations period in *Brockamp*, § 502 not only specifies when claims must be brought, but provides that claims outside its limitation period will be disallowed. *Compare Brockamp,* 519 U.S. at 351 (interpreting Internal Revenue Code provisions that

7

expressly provide no allowable refunds if sought outside prescribed limitations period), *with* 11 U.S.C. § 502(b)(9) ("the court . . . shall allow such claim . . . *except to the extent that* . . . proof of such claim is not timely filed.") (emphasis added).  Section 502(b)(9) creates multiple technical exceptions, *see, e.g.*, Part A *supra* (discussing the § 726 exception), and refers to Rule 3002, which both reiterates the bar date for governmental units and contains more exceptions.  The claims bar date is decidedly not like the "fairly simple" limitations periods that the Court has said can "be plausibly read as containing an implied 'equitable tolling' exception." *Brockamp*, 519 U.S. at 350.

      3.  <u>The Nature of the Subject May Preclude Equitable Tolling</u>.  The Supreme Court has also held that "the nature of the underlying subject matter" bears on whether Congress would have wanted equitable tolling.  *Id*. at 352.  In *Brockamp*, the Court reasoned that Congress would not have wanted equitable tolling in the tax collection context, where the IRS processes tens of millions of refunds a year and would have been forced to "respond to . . . large numbers of late claims." *Id*.  The same concerns are present in the chapter 13 claims allowance process.  As the Sixth Circuit explained in a case interpreting § 502 (prior to the effective date of amended § 502(b)(9)) to bar late claims in chapter 13, a flexible claims bar date in chapter 13 would pose considerable inefficiencies, especially post-confirmation:

> In a Chapter 13 action, the debtor retains the assets in exchange for an agreement to make periodic payments to the creditors.  The payments to the creditors must equal or exceed the amount that the creditors would receive under Chapter 7. . . . If late-filed claims are not barred in Chapter 13 actions, it would not be possible to determine, with finality, whether a Chapter 13 plan satisfies this standard.  Moreover, because Chapter 13 serves as a flexible vehicle for the repayment of allowed claims, all unsecured creditors seeking payments under a Chapter 13 plan must file their claims in a timely basis so that the efficacy of the plan may be determined in light of the debtor's assets, debts and foreseeable earnings.

*United States v. Chavis*, 47 F.3d 818, 824 (6th Cir. 1995).  Moreover, the Bankruptcy Code

8

provides an alternative remedy for creditors in chapter 13 cases who lack notice of a case; their claims are excepted from discharge. *See* 11 U.S.C. § 523(a)(3); 11 U.S.C. § 1328(a)(2) (incorporating this exception in chapter 13). An exception to the discharge for creditors that lack notice is inconsistent with the notion that such claims could be paid through chapter 13 plans on account of equitable tolling.

For these reasons, the Court finds that equitable tolling is inconsistent with the text of § 502(b)(9) and related provisions of the Code and Rules, and holds that the claims bar date in chapter 13 cases is not subject to equitable tolling. *See In re Sykes*, 451 B.R. 852, 860-62 (Bankr. S.D. Ill. 2011); *In re Brogden*, 274 B.R. 287, 290-93 (Bankr. E.D. Tenn. 2001) (Lundin, J.); *Gardenhire v. I.R.S. (In re Gardenhire)*, 209 F.3d 1145, 1149-51 (9th Cir. 2000).

C. Fundamental Fairness

ODOT and the Debtor argue that "fundamental fairness" requires this Court to allow late-filed claims of governmental creditors that lacked sufficient notice to timely file. In making this argument, ODOT relies heavily on *In re Adams*, 502 B.R. 645 (Bankr. N.D. Ga. 2013), which held that "[a]lthough a government entity . . . is not entitled to due process rights, it is entitled to fundamental fairness which is akin to due process." *Adams*, 502 B.R. at 649.[3] Rejecting the argument that the exception to the discharge for unscheduled debts satisfies "fundamental fairness," the court in *Adams* held that delaying a governmental creditor's rights for the duration of a chapter 13 debtor's case was "not fundamentally fair." *Id.*

Some cases discussing fundamental fairness characterize it as a right that is "akin to due process." *Adams*, 502 B.R. at 649; *see also United States v. Hairopoulos*, 118 F.3d 1240, 1244

---

[3] ODOT concedes, and all the cases that discuss fundamental fairness explicitly state, that governmental entities have no due process rights. *See Cardinal Mine Supply*, 916 F.2d at 1089 n.3 (holding that "a state is not a person entitled to due process under the fifth amendment") (citing *South Carolina v. Katzenbach*, 383 U.S. 301, 323-24 (1966)).

9

n.3 (8th Cir. 1997) (describing "'a right akin to due process'" (quoting *In re Interstate Cigar Co.*, 150 B.R. 305, 309 (Bankr. E.D.N.Y. 1993)). However, as explained by the Sixth Circuit in *United States v. Cardinal Mine Supply*, "fundamental fairness" is merely a principle of statutory interpretation under which ambiguous provisions of the Code are read *in pari materia* with provisions of the Code that guarantee notice, to not unfairly prejudice creditors that lack notice. Absent ambiguity, "fundamental fairness" does not apply. The Court concludes that "fundamental fairness" has no role to play in this case because § 502(b)(9) unambiguously bars late-filed claims.

*Cardinal Mine Supply*, decided in 1990, involved a version of § 726, since amended, which the bankruptcy court below had construed to give lesser priority to an unscheduled priority tax claim than to an unscheduled non-priority claim in a chapter 7 case. Finding that the former version of § 726 did not expressly "bar tardily filed priority claims," 916 F.2d at 1091, the Sixth Circuit interpreted the provision in *pari materia* with Code provisions which mandated that private and governmental creditors alike should receive notice of bankruptcy filings, specifically 11 U.S.C. § 342. As a result, it interpreted § 726 to give priority status to priority claims filed late by creditors that lacked notice. 916 F.2d. at 1091-92. *Cardinal Mine Supply* did not hold that governmental entities have a "fundamental fairness" right coextensive with due process.

Section 502(b)(9) is not ambiguous. Indeed, the Sixth Circuit made this observation in *Chavis*. See *Chavis*, 47 F.3d at 823 (noting that § 502(b)(9), then enacted but not effective in the case before it, "reveals Congress' intent to demand that claims be timely filed.") Section 502(b)(9) provides that a claim shall be disallowed on objection if "proof of such claim is not timely filed . . . except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of

10

Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9). Creditors who lack notice are afforded the remedy of a nondischargeable debt. 11 U.S.C. § 1328(a)(2).

ODOT's claim was filed more than 180 days after the petition date, and the Rules do not permit an extension to the 180-day bar date in this case. *See* FED. R. BANKR. P. 3002(c)(1) (providing that a motion by a governmental unit to extend the time to file a claim must be filed before the 180-day period expires); FED. R. BANKR. P. 9006(b)(3) (expressly limiting extension of the claims bar date to the extent and under the conditions provided in Rule 3002(c) and precluding the application of excusable neglect to same). Section 502(b)(9) also contains an exception for late-filed claims permitted under § 726, but as explained above, that exception is unambiguously limited to chapter 7 cases. As aptly stated by the court in *Brogden*, "Section 502(b)(9) as implemented by Bankruptcy Rules 3002(c) and 9006 plainly provides that an untimely claim is disallowed in a chapter 13 case without regard to why the claim was untimely. Congress defined this outcome with the enactment of § 502(b)(9) in 1994 and there is no resort to equitable exceptions." *Brogden*, 274 B.R. at 294. Section 502(b)(9) unambiguously bars late-filed claims in chapter 13 cases, without regard to whether a creditor lacks notice.[4] Rule 3002 unambiguously creates no exception to the § 502(b)(9) bar date that is applicable to ODOT's claim.

ODOT's fundamental fairness claim fails.

D. <u>Section 105</u>

Finally, the Debtor appeals to this Court's authority under § 105 to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

---

[4] Any suggestion that § 502(b)(9) is ambiguous on the allowance of claims filed by creditors who lack notice because "the Code assumes the creditor actually received notice of the case," *Adams*, 502 B.R. at 648, is negated by the many provisions of the Code and Rules discussed in Part B, *supra*, that expressly contemplate creditors that lack notice of the case.

11

This argument fails.  "It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.  Section 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits."  *Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014) (citation omitted) (internal quotation marks omitted).  As the Court has concluded above, the Code prohibits the allowance of late-filed claims in chapter 13 cases, subject to exceptions not applicable to ODOT's claim.  Since the Code prohibits the allowance of ODOT's late-filed claim, § 105 cannot authorize the Court to override that prohibition.

### Conclusion

ODOT's late-filed claim cannot be allowed under § 726(a), § 105 or theories of equitable tolling or fundamental fairness.  Based on the foregoing, the Trustee's objection to ODOT's claim [Doc. 39] is SUSTAINED and ODOT's claim [Claim 19-1] is DISALLOWED.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Tuesday, February 24, 2015
(tnw)